IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CARL ROBERT SMITH, JR.,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 2:17-cv-284
Crim. No. 2:14-cr-176
Judge Michael H. Watson
Magistrate Judge Elizabeth P. Deavers

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, brings this *Motion to Vacate under 28 U.S.C. § 2255*. This matter is before the Court on the motion to vacate, Respondent's *Response in Opposition*, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge's **RECOMMENDS** that the *Motion to Vacate under 28 U.S.C. § 2255* (ECF No. 115) be **DENIED** and that this action be **DISMISSED.**

Petitioner's request for an evidentiary hearing is **DENIED**.

**Facts and Procedural History**

On April 7, 2015, Petitioner pleaded guilty pursuant to the terms of his negotiated *Plea Agreement* to Counts Five and Eight of the *Indictment*, which charged him with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g), § 924(a), and § 924(e), and transportation in interstate commerce for purposes of prostitution, in violation of 18 U.S.C. § 2421. (ECF No. 96.) Under the provision of § 924(e), the Armed Career Criminal Act ("ACCA"), Petitioner acknowledged that he understood that he faced a mandatory minimum term of 15 years. *Plea Agreement* (ECF No. 63, PAGEID # 137.) On June 15, 2015, the Court granted defense counsel's motion to delay sentencing pending a decision from the United States

Supreme Court in *Johnson v. United States*, -- U.S. --, 135 S.Ct. 2251 (2015) (declaring the "residual clause" of the ACCA to be constitutionally invalid). *Order* (ECF No. 92, PAGEID # 213.) On August 27, 2015, the parties agreed to amend the terms of Petitioner's *Plea Agreement* in view of the *Johnson* decision to delete Petitioner's conviction under the § 924(e) of the ACCA, reducing the penalty he faced from a mandatory minimum fifteen year term to a maximum term of ten years, and to remove the corresponding enhancement of his recommended sentence under U.S.S.G. § 4B1.4[1] as it applied to his conviction under the ACCA in Count 5. *See Transcript* (ECF No. 118, PAGEID # 364-65.) Petitioner was present at that time, and

---

[1] U.S.S.G. § 4B1.4 provides:

> (a) A defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) is an armed career criminal.
>
> (b) The offense level for an armed career criminal is the greatest of:
>
> (1) the offense level applicable from Chapters Two and Three; or
>
> (2) the offense level from § 4B1.1 (Career Offender) if applicable; or
>
> (3)(A) 34, if the defendant used or possessed the firearm or ammunition in connection with either a crime of violence, as defined in § 4B1.2(a), or a controlled substance offense, as defined in § 4B1.2(b), or if the firearm possessed by the defendant was of a type described in 26 U.S.C. § 5845(a)*; or
>
> (B) 33, otherwise.*
>
> (c) The criminal history category for an armed career criminal is the greatest of:
>
> (1) the criminal history category from Chapter Four, Part A (Criminal History), or § 4B1.1 (Career Offender) if applicable; or
>
> (2) Category VI, if the defendant used or possessed the firearm or ammunition in connection with either a crime of violence, as defined in § 4B1.2(a), or a controlled substance offense, as defined in § 4B1.2(b), or if the firearm possessed by the defendant was of a type described in 26 U.S.C. § 5845(a); or
>
> (3) Category IV.

indicated that he agreed with the proposed changes to his *Plea Agreement*, that he had discussed the amendments with his attorney, and that she had answered all of his questions to his satisfaction. (PAGEID # 367.) On August 27, 2015, Petitioner signed the *Amended Plea Agreement*. (ECF No. 96, PAGEID # 231.) On December 15, 2015, the Court entered *Judgment* and imposed an aggregate term of 200 months imprisonment. (ECF No. 101.) Petitioner did not file an appeal.

On February 9, 2017, Petitioner filed a *Motion for Extension of Time to File § 2255 Motion*, indicating that he had been housed in the "hole or 'special housing unit' S.H.U." since November 15, 2016. (ECF No. 108.) The Court granted Petitioner's request. *Order* (ECF No. 109.) On February 21, 2017, Petitioner filed a second *Motion for Extension of Time to File*, indicating that he had been removed from the S.H.U. on February 8, 2017, but that he was "in transit," awaiting his transfer to U.S.P. Lee in Virginia, and that he had no access to the prison's law library. (ECF No. 110.) The Court granted Petitioner's request. *Order* (ECF No. 111.) On March 13, 2017, Petitioner filed a third *Motion for Extension of Time to File a § 2255 Motion,* indicating that he did not obtain his legal documents until March 3, 2017, and that he was in transit from February 8, 2017, until February 28, 2017. (ECF No. 112.) The Court again granted Petitioner's request. *Order* (ECF No. 113.)

On April 10, 2017, Petitioner filed the *Motion to Vacate under 28 U.S.C. § 2255*. (ECF No. 115.) Petitioner asserts that he was denied the effective assistance of counsel, because his attorney failed to file an appeal after being requested to do so (claim one); and that his attorney deceived him into signing the *Amended Plea Agreement* which prevented him from obtaining a reduced sentence under the Supreme Court's *Johnson* decision, and resulted in the imposition of consecutive, as opposed to concurrent, terms of incarceration without conducting a plea hearing

on the *Amended Plea Agreement* (claim two). It is the position of the Respondent that this action should be dismissed as barred by the one-year statute of limitations provided for under 28 U.S.C. § 2255(f), and that Petitioner's claims lack merit.

**Statute of Limitations**

28 U.S.C. § 2255(f) provides for a one-year statute of limitations in connection with the filing of federal habeas corpus petitions, as follows:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner did not file an appeal. Therefore, his conviction became final under the provision of § 2255(f)(1), on December 29, 2015, that is fourteen ten days after the December 15, 2015, *Judgment* of sentence, when the time period expired to file an appeal. *See* Fed. App. R. 4(b)(1)(A); *Harris v. United States*, 686 F. App'x 345, 347 (6th Cir. 2017) (citing *Sanchez-Castellano v. United States*, 358 F.3d 424, 425 (6th Cir. 2004) ("When a federal criminal defendant does not appeal to the court of appeals, the judgment become final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed")). The statute of limitations began to run the next day, and it expired on December 30, 2016.

Nonetheless, Petitioner waited until February 9, 2017, to file his first *Motion for Extension of Time to File § 2255*, and after the statute of limitations had already expired. Although it is not entirely clear, the motion appears to be dated February 6, 2017, also after the statute of limitations had expired. Further, Petitioner thereafter requested three continuances of time for the filing of this action, and waited until March 28, 2017, to execute the *Motion to Vacate under 28 U.S.C. § 2255*. (ECF No. 115, PAGEID # 318.) Plainly, therefore, this action is untimely. Although Petitioner indicated in his first motion for an extension of time that he had been housed in the special housing unit from November 15, 2016, until December 7, 2016, the record does not indicate that anything prevented his timely filing. The record likewise fails to reflect a basis for equitable tolling of the statute of limitations.

A petitioner is entitled to equitable tolling only if he shows "1) that he has been pursuing his rights diligently, and 2) that some extraordinary circumstances stood in his way" and prevented his timely filing. *Holland v. Florida*, 560 U.S. 631, 650 (2010) (citing *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)). The Petitioner bears the burden of demonstrating that he is entitled to equitable tolling. *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011). Additionally, equitable tolling is granted sparingly in habeas cases. *See Hall v. Warden, Lebannon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011). A prisoner's *pro se* incarcerated status, lack of knowledge regarding the law, and limited access to the prison's law library or to legal materials do not provide a sufficient justification to apply equitable tolling of the statute of limitations. *Lacking v. Jenkins,* No. 2:15-cv-3069, 2016 WL 4505765, at *4 (S.D. Ohio Aug. 29, 2016) (citing *Hall v. Warden*, *Lebanon Correctional Inst*., 662 F.3d 745, 751 (6th Cir. 2011)). These are conditions typical for many prisoners and do not rise to the level of exceptional circumstances. *Id*. (citing

*Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004). As discussed, the record does not reflect that any extraordinary circumstances prevented Petitioner from timely filing this § 2255 petition.

**Recommended Disposition**

Therefore, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

Petitioner's request for an evidentiary hearing is **DENIED**.

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

    <u>*s/ Elizabeth A. Preston Deavers*</u>
Elizabeth A. Preston Deavers
United States Magistrate Judge