UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**United States of America,**

v.

Case No. 2:14-cr-176

**Carl Robert Smith, Jr.,**

Judge Michael H. Watson

**Defendant.**

### OPINION AND ORDER

The Court sentenced Defendant to a total term of imprisonment of 200 months after he pleaded guilty to possession of a firearm by a convicted felon and transportation in interstate commerce for purposes of prostitution. Plea Agmt., ECF No. 96; Judgment, ECF No. 101. Defendant moved to vacate under 28 U.S.C. § 2255, ECF No. 115, but the Court denied his motion, ECF No. 137. Then, Defendant moved to reduce his sentence pursuant to Amendment 821 to the United States Sentencing Guidelines, ECF No. 140, but the Court found him ineligible for a reduction, ECF No. 144. Defendant now moves again for a sentence reduction. Mot., ECF No. 145.

Defendant argues that the "Youth Offender Act" prevents him from being assessed any criminal history points for crimes he committed before he turned twenty-five years old. *Id.* In total, all 13 of Defendant's criminal history points accrued for crimes Defendant committed before he reached the age of twenty-five, *see* PSR ¶¶ 74–89, meaning he would have had zero criminal history points and been assigned a Criminal History Category I if those points were removed.

The statute Defendant cites, 18 U.S.C. § 5005, *et seq.*, however, was called the "Youth Corrections Act," and, in any event, it was repealed long before Defendant's conviction.  Pub. L. No. 98-473, Title II, § 218(a)(8), 98 Stat. 2027.  To the extent Defendant relies on Amendment 829 to the United States Sentencing Guidelines, which amended the policy statement at § 5H1.1 to specifically provide that "[a] downward departure . . . may be warranted due to the defendant's youthfulness at the time of the offense or prior offenses," that amendment is not retroactive.  *See* U.S.S.G. § 1b1.10(d) (containing list of covered amendments).  And although Guideline § 4A1.2(d) governs the assessment of points for offenses committed before age eighteen, that Guideline is unchanged from when Defendant was sentenced.  The legal basis for Defendant's request to remove criminal history points for offenses committed before age twenty-five is thus unclear, as is the significance of the January 6, 2025, date to which Defendant refers.

For these reasons, Defendant's motion is **DENIED WITHOUT PREJUDICE** to renewal with citation to the legal basis of the motion.  The Clerk shall terminate ECF No. 145 as a pending motion.

**IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**